UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER SAIENNI; RICHARD PETERS

CIVIL ACTION

VERSUS

NUMBER 14-505-JJB-SCR

LEM PRODUCTS DISTRIBUTION, LLC

**ORDER TO AMEND COMPLAINT**

Plaintiff filed a Complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff alleged that defendant LEM Products Distribution, LLC is "an Ohio corporation doing business within the State of Louisiana."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is a citizen of every state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by

---

[1] Record document number 1, Complaint, ¶ 3.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a corporation the party asserting jurisdiction must allege the state(s) where it is incorporated and where it has its principal place of business. For a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Plaintiff's jurisdictional allegations are not sufficient to determine whether there is diversity of citizenship. Use of the "LLC" indicates that the defendant is organized as a limited liability company, not as a corporation. Yet, the plaintiff alleged that the defendant is a corporation. It is not clear from the plaintiff's Complaint whether is the defendant is a limited liability company or a corporation. How the defendant is organized determines what citizenship allegations are necessary.

Therefore;

IT IS ORDERED that plaintiff shall have ten days to file an amended complaint which clarifies whether the defendant is limited

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

liability company or a corporation, and properly alleges the defendant's citizenship.

**Failure to comply with this order may result in the plaintiff's Complaint being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, August 14, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE