UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER SAIENNI

VERSUS

RICHARD PETERS
LEM PRODUCTS DISTRIBUTION, LLC. AND
TRAVELERS CASUALTY AND SURETY COMPANY

CIVIL ACTION

NO. 14-505-JJB

## RULING ON MOTION TO DISMISS OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

This case is before the Court on a Motion to Dismiss and Alternatively Motion for More Definite Statement (Doc. 8) brought by defendants LEM Products Distribution, LLC. (LEM) and Travelers Casualty and Surety Company (Travelers). Plaintiff Cristopher Saienni (Saienni) filed an opposition (Doc. 11) to which both defendants replied (Doc. 12). Oral argument is unnecessary.

### Background

Saienni purchased a food dehydrator from LEM in 2012. (Doc. 9 at 1). On February 1, 2014, Saienni, after using the dehydrator, left his home; when he returned, his home was on fire. *Id*. In August of 2014, Saienni sued LEM and the other defendants, alleging that the dehydrator caused the fire and requested damages and attorneys' fees.

### Standard of Review

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678. Significantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a respionse."

**Legal Issues**

In Louisiana, the Louisiana Products Liability Act (LPLA) is the exclusive avenue for recovery of damages that a manufacturer's product causes. La. Rev. Stat. Ann. § 9:2800.52. (West 2014). The LPLA has four elements: first, the defendant must have manufactured the product; second, the plaintiff must show that a characteristic of the product was the proximate cause of the damage/injury; third, the plaintiff must show that the product was unreasonably dangerous; and fourth, the plaintiff must show that the injury/damage stemmed from a "reasonably anticipated use" of the product. *Id*. § 9:2800.54. There are four situations—listed in the statute—in which a product may be unreasonably dangerous: defects in "construction or composition" due to a material deviation from specifications or performance standards, defects in the design of the product, failure to adequately warn consumers of a danger, and failure to meet an express warranty. The LPLA does not provide for attorneys' feesFebruary 9, 2015.

2

The law of redhibition provides for the buyer of a product a remedy against the seller when "a defect . . . renders the thing useless . . . or its use so inconvenient that it must be presumed that a buyer would not have bought the thing if he had known of the defect." La. Civ. Code Ann. art. 2520 (West 2014). A defect must be hidden and exist at the time of delivery to be redhibitory. *Id*. at arts. 2521, 2525. If a plaintiff is successful in seeking redhibition and proving that the seller knew of the defect, they may recover attorneys' fees. *Id*. at art. 2545.

**Analysis**

In his complaint, Mr. Saienni fails to allege any facts regarding two elements of his LPLA claim. First, he fails to allege specific facts as to how the product may be defective; he does not address any of the four theories. Second, he merely refers to the kitchen as the origin of the fire and calls it the but-for and proximate cause of the fire. These are mere conclusory statements and insufficient to demonstrate that he is entitled to relief. Mr. Saienni has also not alleged any basis for claiming attorneys' fees, and though he refers to redhibition in his opposition, he has also failed to allege any specific facts relating to the elements of a redhibition claim in his complaint. As it is still early in the proceedings, and it appears that the plaintiff may be able to amend and allege facts to support his claim, the Court will give Mr. Saienni the opportunity to amend his complaint to allege sufficient facts to demonstrate that he is entitled to relief.

**Conclusion**

For the foregoing reasons, the defendants' Motion to Dismiss or Alternatively Motion for a More Definite Statement (Doc. 8) is DENIED without prejudice. Plaintiff may file an amended complaint within 21 days.

Signed in Baton Rouge, Louisiana, on February 9, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**